

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

May 23, 1967

Mr. H. M. Cardwell, President
Board of Vocational Nurse Examiners
1008 Sam Houston Building
Austin, Texas

Dear Mr. Cardwell:

Opinion No. M-78

Re: Whether Board of Vocational Nurse Examiners is authorized to subscribe to the National League for Nursing test pool examination as the Board's testing method.

You have requested the opinion of this office concerning the question of whether the Board of Vocational Nurse Examiners may use the National League for Nursing test pool examination as its licensure examination for those individuals seeking to obtain a license as a Licensed Vocational Nurse pursuant to the provisions of Article 4528c, Vernon's Civil Statutes.

In connection with the foregoing question you have stated that:

"It has been the practice of the Board of Vocational Nurse Examiners for the past fourteen years to construct its own licensure examination for graduates of the year's vocational nurse training program. All of the states except Texas subscribe to the National League for Nursing test pool examination as their testing method, making it necessary for our LVN's seeking reciprocity in other states to write examination twice.

"   . . .

"The Board does not examine the questions before the examination is given but does examine them at the time of the examination and sets the grades. The contract with the National League for Nursing for use of the pool examination could be cancelled at any time by our Board and we could go back to giving our own examinations."

Section 5 of Article 4528c, provides, in part, that:

"(a) Except as provided in Section 6 and Section 7 of this Act, every person desiring to be licensed as a Licensed Vocational Nurse or use the abbreviation L. V. N. in the State of Texas, shall be required to pass the examination given by the Board of Vocational Nurse Examiners. . . .

" . . .

"(c) In conducting examinations and in accrediting schools of Vocational Nurses and hospitals as provided for in this Act, it shall be mandatory upon the Board to ascertain that each Vocational Nurse shall have been taught the fundamentals of basic bedside nursing in the home and in the hospital. . . ." (Emphasis added.)

In Attorney General's Opinion No. V-736 (1948), this office had before it a like question dealing with examinations given by the State Board of Nurse Examiners. In holding that the State Board of Nurse Examiners could use questions prepared by the National League of Nursing Education for the examination of applicants to practice professional nursing, the opinion stated:

"Not only do the above quoted statutes impose a duty upon the Board to prescribe the type of examinations as it may deem best in order to determine the fitness of the applicants to practice professional nursing, but it leaves it within the sound discretion and judgment of the Board as to the method of prescribing such examinations as well as grading the examination papers of the applicants.

"True, the Board is not authorized to delegate the power of giving such examinations to anyone else. However, we do not believe that the mere fact that the Board adopts questions prepared by the National League of Nursing Education amounts to a delegation of power. On the contrary, if the Board thinks that the purpose of the law would be more effectively carried out by conducting such examinations through the method referred to in your request, we believe that it has such power. . . ." (Emphasis added.)

In Attorney General's Opinion No. R-2831 (1952), this office had before it the question of whether the Board of Vocational Nurse Examiners could prescribe examinations formulated by the National League of Nursing Education, and in such opinion it was stated:

". . .it is apparent that a distinction must be drawn between any delegation of the power to examine on the one hand and a simple choice to prescribe that set of questions which the national group has drafted in each instance. The Board may not surrender its power to prescribe the questions for the examinations by a blanket order adopting in advance any and all questions drafted by the National League of Nursing Education, to the exclusion of the Board's duty to pass on the adequacy and acceptability of each set of questions and to formulate other questions if it finds that those prepared by the National League are not suitable. However, as was held in Opinion V-736, the Board may adopt questions prepared by the National League if upon scrutiny in each instance it finds that the set of questions furnished to it is satisfactory." (Emphasis added.)

Attorney General's Opinion Nos. V-736 (1948) and R-2831 (1952) clearly disclose that the Board of Vocational Nurse Examiners is authorized to use the National League for Nursing test pool examination as its licensure examination for those individuals seeking to obtain a license as a Licensed Vocational Nurse pursuant to the provisions of Article 4528c. The mere fact that the members of the Board of Vocational Nurse Examiners do not see the examination questions until the time of the examination is not in itself sufficient to reach a conclusion that there has been an improper delegation of the Board's authority to prescribe the examination to be given applicants for licensure. The Board still retains the right to study the examination questions provided by the National League for Nursing and reach a decision as to whether the questions submitted are satisfactory and will be used. As the Board sets the grades in connection with the examination and can terminate use of the test pool examinations submitted by the National League for Nursing at any time, we are of the opinion that an arrangement such as proposed would be within the authority and sound discretion of the Board and would not constitute an improper delegation of their duties and authority in connection with the examination of applicants for licensure.

If the Board should determine that the test pool examination is inadequate to meet the requirements of Article 4528c, then it will be the duty of the Board to give additional examination questions in order that the examination will comply with the mandatory requirements of said Article.

### S U M M A R Y

The Board of Vocational Nurse Examiners may use the National League for Nursing test pool examination as its licensure examination for those individuals seeking to obtain a license as a Licensed Vocational Nurse pursuant to Article 4528c, Vernon's Civil Statutes, and under the proposed arrangement such action would not constitute an improper delegation of the Board's duties and authority in connection with the examination of applicants for licensure.

If the Board should determine that the test pool examination is inadequate to meet the requirements of Article 4528c, then it will be the duty of the Board to give additional examination questions in order that the examination will comply with the mandatory requirements of said Article.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Pat Bailey
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
W. V. Geppert, Co-Chairman
Lewis Berry
Ralph Rash
Jack Sparks
James McCoy

STAFF LEGAL ASSISTANT
A. J. Carubbi, Jr.